# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN DOE I, JOHN DOE II, and JOHN DOE III, | § § § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. H-05-1047 |
| ROMAN CATHOLIC DIOCESE OF GALVESTON-HOUSTON, *et al.,* | § § § § | |
| Defendants. | § | |

## ORDER

Daniel A. Shea, counsel for John Doe I, has filed an ex parte request for a temporary restraining order. Shea also seeks leave to file an original complaint in intervention and has moved to withdraw as counsel. (Docket Entry Nos. 53, 54).

Under well-settled Fifth Circuit precedent, a temporary restraining order is an extraordinary remedy that should not be granted unless the movant demonstrates by a clear showing: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm if the injunction is not granted; (3) that the threatened injury outweighs any harm that may result from the injunction to the non-movant; and (4) that the injunction will not undermine the public interest. *Valley v. Rapides Parish Sch. Bd.*, 118 F.3d 1047, 1051 (5th Cir. 1997). Shea has not met any of these requirements. His request for an ex parte temporary restraining order is denied.

Rule 24 of the Federal Rules of Civil Procedure governs intervention. Rule 24(a)(2), governing interventions of right, states in pertinent part:

> Upon timely application anyone shall be permitted to intervene in an action . . . when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

FED. R. CIV. P. 24(a)(2). The inquiry under Rule 24(a)(2) is a flexible one, focusing on the facts and circumstances surrounding each application. *Ceres Gulf and ESIS/INA v. Cooper*, 957 F.2d 1199, 1202 (5th Cir. 1992). Intervention of right requires that: (1) the motion to intervene is timely; (2) the potential intervenor asserts an interest that is related to the property or transaction that forms the basis of the controversy; (3) the disposition of that case may impair or impede the potential intervenor's ability to protect its interest; and (4) the existing parties do not adequately represent the potential intervenor's interest. *Ford v. City of Huntsville*, 242 F.3d 235, 239 (5th Cir. 2001). The failure of the proposed intervenor to fulfill any one of these prerequisites forecloses the ability to intervene as of right under Rule 24(a)(2). *See Bush v. Viterna*, 740 F.2d 350, 354 (5th Cir. 1984). Permissive intervention is governed by Rule 24(b)(2), which states, in pertinent part: "Upon timely application anyone may be permitted to intervene in an action . . . when an applicant's claim or defense and the main action have a question of law or fact in common. . . . In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the

adjudication of the rights of the original parties." FED. R. CIV. P. 24(b)(2). Shea has met none of the requirements for intervention, either permissively or of right.

Shea's motion to withdraw as counsel is granted.

SIGNED on November 16, 2005, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge