**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| JOHN DOE I, JOHN DOE II, and JOHN DOE III, § § § | |
| Plaintiffs, § § | |
| VS. § | CIVIL ACTION NO. H-05-1047 |
| § | |
| ROMAN CATHOLIC DIOCESE OF GALVESTON-HOUSTON, *et al.,* § § § | |
| Defendants. § | |

**MEMORANDUM, OPINION, AND SCHEDULING AND DOCKET CONTROL ORDER**

At the status conference held on October 10, 2007, the parties presented their positions on the issue of whether this court should retain jurisdiction over the remaining state-law claims and on a scheduling and docket control order for the remaining pretrial discovery. The parties were in agreement on both this court's retaining jurisdiction and on the scheduling and docket control order.

Based on the parties' positions and the applicable law, this court retains jurisdiction over the remaining state-law claims and sets the scheduling and docket control order as set out below.

**I.   Jurisdiction**

Under 28 U.S.C. § 1367(c)(3), when federal law claims that serve as the basis of subject-matter jurisdiction are dismissed and only state law claims remain, a district court has

broad discretion to dismiss the state law claims without prejudice to permit them to proceed in state court.[1] *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350–52 (1988); *see also Brown v. Southwestern Bell Telephone Co.*, 901 F.2d 1250, 1254 (5th Cir. 1990) ("[T]he decision as to whether to retain the pendent claims is within the sound discretion of the district court."). A court considering whether to continue to exercise supplemental jurisdiction over such state law claims must consider the provisions of section 1367(c) and the factors the Supreme Court outlined in *Cohill*, 484 U.S. at 350–51, and *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). *See Smith v. Amedisys Inc.*, 298 F.3d 434, 446 (5th Cir. 2002). Those factors include judicial economy, convenience, fairness, and comity. *Amedisys*, 298 F.3d at 446; *see also Jones v. Adam's Mark Hotel*, 840 F. Supp. 66, 69 (S.D. Tex. 1993). The "general rule" is to decline to exercise jurisdiction over pendent state-law claims when all federal claims are eliminated from a case before trial. *Amedisys*, 298 F. 3d at 447–48 (citing *Batiste v. Island Records Inc.*, 179 F.3d 217, 227 (5th Cir. 1999)). This rule is neither mandatory nor absolute. *Id.*

---

[1] 28 U.S.C. § 1367(c) provides that:

[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—

(1) the claim raises a novel or complex issue of State law,
(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
(3) the district court has dismissed all claims over which it has original jurisdiction, or
(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

The case has been pending for two and a half years. The parties have engaged in substantial discovery, including numerous depositions, and have briefed the court extensively on the remaining claims. The remaining state-law claims present no novel or complex issues of law. Little work remains to be done before the case is ready proceed to trial. This court is intimately familiar with the merits of the plaintiffs' claims and the issues that remain in the case. There are no exceptional circumstances that present compelling reasons to decline jurisdiction. The parties agree that judicial economy and convenience would best be served if this court retains jurisdiction over the case through trial.

This case presents circumstances similar to *Amedisys* and *Batiste*. In *Amedisys*, the district court determined that it could retain jurisdiction over a plaintiff's state law claims after finding that the remaining state-law claims did not involve novel or complex issues of law, that extensive discovery had been completed and the case had been pending for almost three years, that the parties had exhaustively briefed the issues in the case, and that the court was intimately familiar with the merits of the plaintiff's claims. *Amedisys*, 298 F.3d at 446. The Fifth Circuit affirmed the district court's decision, noting that the matter "had progressed to the advanced stages of litigation with little left to do before trial." *Id.* at 447. Because the trial court had "devoted many hours" in a comprehensive summary judgment ruling and had "substantial familiarity with the merits of the case," the Fifth Circuit determined that "the principles of judicial economy, convenience, and fairness to the parties weigh heavily toward retaining jurisdiction." *Id.* (quoting *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 587 (5th Cir. 1992)). Similarly, the Fifth Circuit concluded in *Batiste* that the

3

district court had abused its discretion in declining jurisdiction over pendent state-law claims after entering summary judgment on all the plaintiffs' other claims, noting that the remaining claims did not involve any novel or complex issues of state law and that the factors of judicial economy, convenience, and fairness to the parties weighed in favor of retaining jurisdiction. 179 F.3d 217. The case had been pending for three years, during which the parties had engaged in extensive discovery and had provided the court with hundreds of pages of briefing that extensively addressed the remaining claims. The district court had given significant consideration to multiple motions to dismiss claims or grant summary judgment. After considering these factors, the Fifth Circuit found that "[t]he familiarity of the district court with the merits of the . . . claims demonstrates that further proceedings in the district court would prevent redundancy and conserve scarce judicial resources." *Id.* at 228. Because the district court was "intimately familiar" with the plaintiffs' claims and there were no difficult state-law issues in the remaining claims, the Fifth Circuit found that the district court abused its discretion in declining to exercise supplemental jurisdiction over the remaining state law claims. *Id.*

In this case, as the parties recognize, the factors of judicial economy, convenience, fairness, and comity weigh in favor of retaining jurisdiction over the remaining claims. This court retains jurisdiction over the remaining claims and sets the following scheduling and docket control order.

## II.    Scheduling and Docket Control Order

The schedule for the remaining pretrial work is as follows:

| | |
|---|---|
| October 26, 2007: | Parties must disclose fact witnesses. Plaintiffs must designate expert witnesses. |
| November 30, 2007: | Deadline for defendants to depose plaintiffs' expert witnesses. |
| December 14, 2007: | Defendants must designate expert witnesses. |
| January 18, 2008: | Deadline for plaintiffs to depose defendants' expert witnesses and for parties to submit joint supplemental questionnaire for *voir dire*. |
| February 15, 2008: | Joint pretrial order due from parties. |
| February 21–22, 2008: | Final pretrial conference, at **9:00 a.m.** |
| February 25, 2008: | Jury selection begins, at **9:00 a.m.** |

SIGNED on October 15, 2007, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge